**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALFONSO PENAFLOR, | Case No. EDCV 15-1339-DSF (JPR) |
| Petitioner, | |
| vs. | ORDER TO SHOW CAUSE |
| STU SHERMAN, Warden, | |
| Respondent. | |

On June 26, 2015, Petitioner constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody, challenging his convictions and 24-year-plus sentence for robbery and possession of a firearm by a felon. (Pet. at 2.) The Petition raises four claims: (1) the trial court violated due process when it denied Petitioner's motion to dismiss a prior strike conviction, (2) "[a] mistrial should have been declared" because his "presumption of innocence was jeopardized" when the jury saw him in shackles, (3) the prosecution lost critical cell-phone evidence, and (4) his trial counsel was constitutionally ineffective. (Id. at 6, 8, 9, 11.) Although he appears to have raised ground one on direct appeal, he acknowledges that he has

not previously presented grounds two, three, or four to the state courts. (Id. at 6-13.)

Under 28 U.S.C. § 2254(b), habeas relief may not be granted unless a petitioner has exhausted the remedies available in state court.[1] Exhaustion requires that the petitioner's contentions were fairly presented to the state courts, Ybarra v. McDaniel, 656 F.3d 984, 991 (9th Cir. 2011), and disposed of on the merits by the highest court of the state, Greene v. Lambert, 288 F.3d 1081, 1086 (9th Cir. 2002). As a matter of comity, a federal court will not entertain a habeas petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in it. See Rose v. Lundy, 455 U.S. 509, 518 (1982). A federal court may raise the failure-to-exhaust issue sua sponte and summarily dismiss on that ground. See Granberry v. Greer, 481 U.S. 129, 134-35 (1987); Stone v. City & Cnty. of S.F., 968 F.2d 850, 856 (9th Cir. 1992) (dictum).

Petitioner acknowledges that grounds two, three, and four have never been presented to the California Supreme Court (see Pet. at 13 (stating that the claims were not previously raised because his state-appointed appellate counsel "against my request did not file these grounds")); in contrast, it appears that ground one has been exhausted, in a Petition for Review to the state supreme court (id. at 7). Grounds two, three, and four

---

[1] A habeas petition "shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).

therefore are unexhausted, and his inclusion of them renders the Petition "mixed," containing both exhausted and unexhausted claims. Such petitions must generally be dismissed. See Rose, 455 U.S. at 522.

In certain "limited circumstances," a district court may stay a mixed petition and hold it in abeyance while the petitioner returns to state court to exhaust any unexhausted claims. See Rhines v. Weber, 544 U.S. 269, 277 (2005). Under Rhines, the prerequisites for obtaining a stay while the petitioner exhausts his state remedies are as follows: (1) the petitioner must show good cause for his failure to earlier exhaust the claims in state court, (2) the unexhausted claims must not be "plainly meritless," and (3) the petitioner must not have engaged in "abusive litigation tactics or intentional delay." Id. at 277-78. Although Petitioner needs the Court's approval for a stay of the federal proceedings, nothing prevents him from immediately raising the claims in state court, stay or no stay.

Petitioner acknowledges that grounds two, three, and four are unexhausted but asserts that his good cause for not earlier exhausting them is that his appointed counsel disregarded his requests to raise the claims on appeal. (Pet. at 8, 10, 11, 13.) That does not explain, however, why Petitioner did not raise them himself in a state habeas petition, although he appears to have been unaware of the availability of that form of relief. (See Pet. at 7 (stating in response to question concerning state collateral proceedings, "I was not aware of any other motion to file for remedie [sic].") Thus, it is unclear from the face of

the Petition whether Petitioner can meet the Rhines requirements.

IT THEREFORE IS ORDERED that within 21 days of the date of this Order, Petitioner do one of the following: (1) file a formal stay-and-abey motion if he believes he can make the required showings under Rhines; (2) voluntarily dismiss the Petition without prejudice under Federal Rule of Civil Procedure 41(a)(1), with the understanding that any later petition may be time barred under § 2244(d)(1); (3) voluntarily dismiss grounds two, three, and four of the Petition and elect either to proceed on the exhausted claim, ground one, or seek a stay of the then fully exhausted Petition under Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003) (as amended) (allowing for stays of fully exhausted federal petitions without showing of good cause), overruling on other grounds recognized by Robbins v. Carey, 481 F.3d 1143, 1149 (9th Cir. 2007), with the understanding that he will be allowed to amend any newly exhausted claims back into the Petition only if the claims are timely or "relate back" to the original claim, see Mayle v. Felix, 545 U.S. 644, 664 (2005); or (4) show cause in writing why this action should not be dismissed without prejudice for failure to exhaust state remedies.

Plaintiff is expressly warned that his failure to timely comply with this Order may result in the Petition being dismissed for the reasons stated above and for failure to prosecute.

DATED: July 16, 2015                    _____
                                        JEAN ROSENBLUTH
                                        U.S. MAGISTRATE JUDGE